**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERTO BONNET,

              Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

              Respondent.

No.    20-73634

Agency No. A215-829-242

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2022[**]
San Francisco, California

Before:  GOULD and RAWLINSON, Circuit Judges, and ADELMAN,[***] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Lynn S. Adelman, United States District Judge for the
Eastern District of Wisconsin, sitting by designation.

Petitioner Roberto Bonnet (Bonnet), a native and citizen of Haiti, petitions for review of a decision from the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

"We review the denial of asylum, withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citations omitted). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* (citation omitted).

**1.** The Immigration Judge (IJ) denied Bonnet's asylum claim because his application was time barred. Withholding of removal was denied because: (1) Bonnet failed to establish past persecution, a threat of future persecution, or a nexus between Bonnet's accused harm and a protected ground; and (2) Bonnet's battery conviction constituted a particularly serious crime. The BIA adopted and affirmed the IJ's decisions under *Matter of Burbano*, 20 I&N Dec. 872, 874 (BIA 1994). Thus, we review the IJ's order as if it were the BIA's. *See Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011).

**2.** Bonnet does not challenge the determination that he failed to file a timely asylum application or that he failed to establish past persecution, fear of future persecution, or nexus between the asserted harm and a protected ground. Therefore, any arguments regarding these matters are waived. *See Fakhry v. Mukasey*, 524 F.3d 1057, 1062 (9th Cir. 2008) (stating that an asylum application must be filed within one year of arrival in the United States); *see also Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (explaining that issues not argued in the petitioner's opening brief are waived).

**3.** The IJ's alternative determination of Bonnet's ineligibility for withholding of removal due to his conviction for a particularly serious crime was not an abuse of discretion. *See Flores-Vega v. Barr*, 932 F.3d 878, 884 (9th Cir. 2019); *see also Arbid v. Holder*, 700 F.3d 379, 385 (9th Cir. 2012), *as amended* (reviewing for abuse of discretion).

Bonnet's contention that the IJ failed to consider evidence related to the "type of sentence imposed" lacks merit. The IJ stated Bonnet's sentence on the record and explained that it considered the sentence as a factor. *See Arbid*, 700 F.3d at 385 (concluding that there was no abuse of discretion when the IJ considered the *Frentescu* factors in making the particularly serious crime determination); *see also Matter of Frentescu*, 18 I. & N. Dec. 244 (BIA 1982).

**4.** Bonnet does not address in his Opening Brief the agency's denial of CAT relief and has thus waived any challenge to that decision. *See Martinez-Serrano*, 94 F.3d at 1259-60.

**5.** Bonnet contends that the IJ violated his due process rights by: (1) not providing a Creole translator at every hearing, and (2) not apprising Bonnet of his right to call witnesses to testify on his behalf. Bonnet did not raise this argument in his brief to the BIA, and the BIA did not address this issue. Thus, the issue was not properly exhausted, and we lack jurisdiction to address it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004); *see also Agyeman v. I.N.S.*, 296 F.3d 871, 877 (9th Cir. 2002).

The petition is **DENIED** as to Bonnet's claims for asylum, withholding of removal, and CAT relief.

The petition is **DISMISSED** as to Bonnet's due process claims.